IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VIRGIL EDWIN WATSON III,               )<br>          *Petitioner,*   )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>THOMAS REDMAN,                                  )<br>          *Respondent.*  ) | CASE NO. 7:13-CV-00515<br><br>**MEMORANDUM OPINION** |

Virgil E. Watson III, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watson offers several grounds[1] upon which he claims his confinement violates federal law, including ineffective assistance of counsel, jury and prosecutorial misconduct, and trial error. The state court found that four of Watson's claims were procedurally defaulted under *Slayton v. Parrigan*, 215 Va. 27 (1974), and that two of Petitioner's ineffective assistance of counsel claims failed on their merits under *Strickland v. Washington*, 466 U.S. 668 (1984). I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts. I find that Watson's remaining claims are procedurally barred because he did not raise them in state court and he has not offered any excuse for his default. Therefore, I will grant Respondent's motion to dismiss the petition in its entirety.

I.

Petitioner was convicted of one count of felony shoplifting and three counts of felony petty shoplifting in the Warren County Circuit Court. Following conviction, he was sentenced to

---

[1] Although Petitioner states that his petition contains six claims and Respondent addresses it as such, the petition is more accurately described as organized around six occurrences during his trial, out of which a number of claims arise. I have regrouped the claims more logically below.

[1]

incarceration for a total term of eight years and six months, with the entire four-year sentence for the felony shoplifting conviction suspended. Petitioner, by and through his trial counsel, appealed his conviction to the Court of Appeals of Virginia, but his petition for appeal was denied on January 19, 2011. He appealed the denial of his petition to the Supreme Court of Virginia, which denied the appeal on August 12, 2011. On August 2, 2012, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus in the Warren County Circuit Court, alleging the following:[2]

1. The evidence was insufficient to support the felony shoplifting conviction.
2. Counsel was ineffective for failing to move to dismiss "count 2" as a matter of law.
3. Counsel was ineffective for failing to challenge the validity of the prices of the merchandise.
4. Counsel was ineffective for failing to investigate phone records to disprove the allegation that Petitioner and his co-defendants were communicating via cell phone.
5. The Commonwealth failed to provide petitioner with more than a one-page summary of a police report.
6. Counsel was ineffective for failing to investigate the circumstances underlying the charges against Petitioner because the investigation would have shown that Petitioner could not have participated with a co-defendant.
7. Counsel was ineffective for failing to investigate the facts and discuss the applicable law of concealment with Petitioner.
8. Counsel was ineffective for not knowing what memory sticks were, when memory sticks were among the merchandise Petitioner was convicted for shoplifting.
9. Counsel was ineffective for failing to object to the witness's and prosecution's

---

[2] These claims will hereinafter be referred to as State Claims One through Fourteen.

characterization of Petitioner and his co-defendants as "accomplices," and failing to object to the witness's speculative and conclusory statements.

10. The errors Petitioner alleged resulted in cumulative prejudice.

11. Counsel was ineffective for "[making] the case for the state" during opening arguments.

12. Jurors committed misconduct by asking the witness questions.

13. The trial court failed to ensure that the jury could see and hear a video and improperly allowed the jury to ask questions of the witness.

14. The prosecutor committed misconduct by vouching for the credibility of the witness.

The Warren County Circuit Court denied the habeas petition on December 4, 2012, and Petitioner appealed to the Supreme Court of Virginia on March 1, 2013. The Supreme Court of Virginia found no reversible error and refused to hear the appeal on September 24, 2013.[3]

Petitioner timely filed his § 2254 petition here on October 31, 2013, making the following claims:

1. Petitioner suffered ineffective assistance of counsel, resulting in a denial of his Sixth Amendment rights. Petitioner alleges that counsel was ineffective for failing to:

    (A) discuss the applicable law of concealment with Petitioner;

    (B) challenge the credibility of the sole witness at trial;

    (C) object to prosecutor vouching for the credibility of the witness;

    (D) object to prosecutor's improper statements during closing arguments;

    (E) object to witness testimony, which was "highly prejudicial and speculative";

    (F) object to jury misconduct;

    (G) object to trial error; and

---

[3] By doing so, the Supreme Court of Virginia in effect adjudicated Petitioner's claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n. 6 (4th Cir. 1999).

      (H) conduct a reasonable investigation.
2. Petitioner's right to a fair trial was violated due to prosecutorial misconduct. Petitioner argues that the prosecutor committed misconduct by:

    (A) vouching for the credibility of its witness;

    (B) making improper statements during closing arguments; and

    (C) making an assertion of fact whose truth the prosecutor could not verify or that the prosecutor knew to be untrue.

3. Petitioner's right to a fair trial was violated due to juror misconduct.
4. Plaintiff's right to a fair trial was violated due to trial error.
5. The evidence was insufficient to support the felony shoplifting conviction.

II.

**A. Claims 1(B), 1(G), 2(B), and 2(C)**

In Claim 1(B), Petitioner asserts that counsel was ineffective for failing to challenge the credibility of the sole witness at trial based on inconsistent statements made at trial and on the internet. In Claim 1(G), Petitioner claims that counsel was ineffective for failing to object when the jury could not see and hear a video introduced into evidence. In Claim 2(B), Petitioner alleges that the prosecutor made improper statements during closing arguments, including calling Petitioner a "booster" and "very slick," and telling the jury "[y]ou are all the consci[ence] of the community." In Claim 2(C), Petitioner argues that the prosecutor committed misconduct by stating that Petitioner was the "ring leader" of his group of friends, who were all accused of shoplifting, despite the prosecutor's statement in a news article that he did not know who the ring leader was. Petitioner did not present these claims to the state court and thus has failed to satisfy the exhaustion requirement.

Federal habeas corpus petitioners are required to exhaust all available state court remedies before pursuing federal habeas relief. "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)). Furthermore, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288; *see also Gray v. Netherland*, 518 U.S. 152, 161 (1986); *Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990). Such claims are deemed to be simultaneously exhausted and procedurally barred from federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Bassette*, 915 F.2d at 937; *Sparrow v. Dir., Dep't. of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Petitioner did not raise Claims 1(B), 1(G), 2(B), and 2(C) in any form in the state court. If Petitioner were to raise these claims to the Supreme Court of Virginia now, it would find that they are procedurally barred. *See* Va. Code § 8.01–654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state habeas petition); Va. Code § 8.01–654(A)(2) (noting the state habeas statute of limitations, which has expired for these claims).

Nevertheless, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial

[5]

Case 7:13-cv-00515-NKM-RSB Document 15 Filed 08/13/14 Page 5 of 13 Pageid#: 324

disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id*. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id*. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). In this case, the record does not support a claim of actual innocence,[4] and Petitioner offers no excuse for his procedural default. Therefore, I find that Claims 1(B), 1(G), 2(B), and 2(C) are simultaneously exhausted and procedurally barred from federal habeas review. *Teague*, 489 U.S. at 297–99; *Bassette*, 915 F.2d at 937; *Sparrow*, 439 F. Supp. 2d at 587–88. Accordingly, I dismiss Claims 1(B), 1(G), 2(B) and 2(C).

**B. Claims 1(C), 1(D), 1(F), and 1(H)**

Petitioner alleges that counsel was ineffective for: (1)(C) failing to object to jury misconduct; (1)(D) failing to object to the prosecutor's improper statements during closing arguments; (1)(F) failing to object to the prosecutor's vouching for the credibility of the witness; and (1)(H) failing to conduct a reasonable investigation. Claims 1(C) and 1(F) are new legal claims; Petitioner raised jury misconduct and prosecutorial misconduct claims in his state petition, but did not present the related ineffective assistance of counsel claims. Claims 1(D) and 1(H), on the other hand, resemble State Claims 9 and 6, respectively, but offer different facts and explanations. I will dismiss all of these claims because, although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the § 2254 exhaustion requirement, the

---

[4] While Petitioner takes issue with the prosecutor's characterization of his role in the incidents leading to his arrest and conviction, he presents no argument or factual contention in support of an actual innocence claim, nor any "new reliable evidence" supporting a claim of actual innocence. *See Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[6]

Case 7:13-cv-00515-NKM-RSB   Document 15   Filed 08/13/14   Page 6 of 13   Pageid#: 325

substance of a federal habeas claim must be "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 278, 275 (1971) (quotations omitted); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Baker*, 220 F.3d at 289. I find that these claims were not "fairly presented" to the state court and thus do not satisfy the exhaustion requirement.

Fair presentation requires that the federal claim "be presented face-up and squarely," *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (quotations omitted), and that "both the operative facts and the controlling legal principles [] be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011); *see also Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). A petitioner is obligated to identify to the state court the federal right allegedly infringed and the facts supporting the allegation, and to explain how those facts establish a violation of his constitutional rights. *Mallory*, 27 F.3d at 994. Merely presenting "all the facts necessary to support the federal claim" is "not enough." *Anderson*, 459 U.S. at 6.

Claims 1(C) and 1(F) are related to claims of jury misconduct and prosecutorial misconduct, but ineffective assistance of counsel for failure to object is a distinct claim from the underlying alleged violation. Although the underlying facts may have been available to the state court, Petitioner did not allege that these facts established a violation of his right to assistance of counsel. Thus, Claims 1(C) and 1(F) are in fact entirely new claims, and I find that these claims were not fairly presented to the state court.

In Claim 1(D), Petitioner alleges that counsel was ineffective for failing to object to the prosecutor's improper statements during closing arguments, including calling Petitioner "very slick," "lead[ing] the jury to believe that [Petitioner] is the principle figure in the alleged 'booster group,'" and arguing that the jury is the "consci[ence] of the community." Petitioner raised an

[7]

ineffective assistance of counsel claim in the state court, State Claim 9, based on counsel's failure to object to the "witness and prosecutor's characterizations of the associates as 'accomplices.'" State Claim 9 went on to describe portions of the witness's testimony to which, Petitioner argued, counsel should have objected. Thus State Claim 9 appears largely to have been based on counsel's failure to object to the witness's statements and characterizations. However, insofar as Claim 1(D) corresponds to State Claim 9, I find that it was not fairly presented to the state court because it relies on different facts to allege a violation of Petitioner's federal rights.

Claim 1(H) roughly corresponds to State Claim 6, but offers a new explanation for how the facts establish a violation of his constitutional rights. In State Claim 6, Petitioner argued that counsel's failure to investigate prejudiced him because an investigation would have shown that he did not participate with "Mr. Salvador." In his federal habeas petition, Petitioner argues that counsel's failure to investigate prejudiced him because an investigation would have shown that the Commonwealth's theory that Petitioner was the leader of his accomplices was inconsistent with the evidence and that Petitioner was "the one the least culpable" between himself, "Mr. Edwards," and "Mr. Jose Salvidar." This explanation is not the same as that of State Claim 6, and I therefore find that Claim 1(H) was not fairly presented.

I find that Claims 1(C), 1(D), 1(F), and 1(H) were not fairly presented to the state court and thus do not satisfy the exhaustion requirement. Petitioner would be procedurally barred from bringing these claims in state court if he tried to bring them now. Va. Code §§ 8.01–654(A)(2) and (B)(2). As Petitioner offers no excuse for his procedural default on these claims, I find them to be simultaneously exhausted and procedurally barred from review. Accordingly, I dismiss Claims 1(C), 1(D), 1(F), and 1(H).

[8]
Case 7:13-cv-00515-NKM-RSB   Document 15   Filed 08/13/14   Page 8 of 13   Pageid#: 327

### C. Claims 1(A) and 1(E)

Petitioner alleges that counsel was ineffective for: (1)(A) failing to explain the applicable law of concealment to Petitioner, resulting in Petitioner's refusal of a plea offer from the Commonwealth; and (1)(E) failing to object to the witness's "highly prejudicial and speculative" testimony. Except for a portion of Claim 1(A) that was not raised in the state habeas proceedings, the state court adjudicated and rejected both of these claims, finding that they failed under *Strickland v. Washington*, 466 U.S. 668 (1984). I find that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts.[5]

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that an attorney is acting reasonably. *Id.* at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that, but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may

---

[5] When reviewing a claim adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id.* at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id.* at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland* . . . ." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Id*. at 1420 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id*.

Petitioner raised Claim 1(A) in state habeas proceedings as State Claim 7, alleging simply that counsel failed to explain to him the applicable law of concealment. The state court rejected the claim, finding that the charge of concealment was "read aloud to him in open court" and that Petitioner failed to allege any prejudice resulting from counsel's failure to explain the law of concealment. Petitioner now alleges that he suffered prejudice as a result of counsel's failure to explain the law to him because he would have accepted a plea offer from the Commonwealth for a six-month sentence had he understood the charge of concealment. Because he did not present this version of Claim 1(A) to the state court, however, I find that it is simultaneously exhausted and defaulted, and examine only the portion of Claim 1(A) that the state court adjudicated. I further find that the state court's adjudication of that portion of Claim 1(A) was not contrary to, or an unreasonable application of, clearly established federal law and it was not an unreasonable determination of the facts.

Claim 1(E) corresponds to State Claim 9, in which Petitioner alleged that counsel was ineffective for failing to object to the witness's characterization of his actions in a video

introduced at trial. At trial, the witness offered his interpretation of the events depicted in the video, stating, among other things, "[y]ou see him cut out looking left and right through the aisles to make sure nobody saw what they were doing . . . ." Petitioner argued in state court, as he argues now, that this testimony was highly prejudicial and speculative. The state court rejected Petitioner's claim, finding that Petitioner did not satisfy the prejudice prong of *Strickland*. The state court found that Petitioner "failed to demonstrate a reasonable probability of a different result at trial had counsel objected to these statements" because the trial judge "admonished the witness *sua sponte* in front of the jury to stop making such statements because it was the jury's job to decide" whether the video established that Petitioner was "stealing the items and acting in concert with others." Furthermore, the jurors saw the video themselves. I find that the state court's adjudication of this claim was not contrary to, or based on an unreasonable application of, clearly established federal law and it was not based on an unreasonable determination of the facts.

Accordingly, I dismiss Claims 1(A) and 1(E).

**D. Claim 2(A), 3, 4, and 5**

In Claim 2(A), presented to the state court as State Claim 14, Petitioner alleges that the prosecutor committed misconduct by vouching for the credibility of its witness, who was the sole witness at trial. In Claim 3, which corresponds to State Claim 12, Petitioner argues that the jury committed misconduct by asking questions of the witness from the jury box. Claim 4, which corresponds to State Claim 13, alleges that Petitioner's right to a fair trial was violated due to trial error. In Claim 5, as in State Claim 1, Petitioner alleges that there was insufficient evidence to convict him of concealing merchandise, and thus to support his Count 1 conviction for felony shoplifting. The state court, on *habeas* review, dismissed these claims as procedurally defaulted

under *Slayton v. Parrigan*, 215 Va. 27, 30 (1974), because Petitioner could have raised them at trial and on direct appeal, but failed to do so. *Slayton* is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Petitioner offers no excuse for the default, I will dismiss Claims 2(A), 3, 4, and 5.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); *see also Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). A state procedural rule is "adequate" if it is "consistently or regularly applied" by the state courts, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), "and it is independent if it does not depend on a federal constitutional ruling," *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Thus, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). The Fourth Circuit has recognized *Slayton* as an adequate and independent procedural rule that renders the claim procedurally defaulted in this court. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006); *see also Wright v. Angelone*, 151 F.3d 151, 159–60 (4th Cir. 1998); *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996); *Spencer v. Murray*, 18 F.3d 229, 232 (4th Cir. 1994). Although a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), Petitioner has offered no excuse for his procedural default. Accordingly, I will dismiss Claims 2(A), 3, 4, and 5 as procedurally defaulted.

III.

For the reasons stated above, I will grant Respondent's motion to dismiss Watson's petition in its entirety. A corresponding order follows.

Entered this __13th__ day of August, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE